UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH B. KERRISSEY, III AND JDHE HOLDINGS, LLC,<br><br>        Plaintiffs,<br><br>v.<br><br>WILLIAM BRUCE, DAVID DELOURY, JAMES P. MITCHELL, and GARY W. CRUICKSHANK,<br><br>        Defendants. | CIVIL ACTION NO. |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1334, 1441, and 1446, and Rule 81.1 of the Local Rules for the United States District Court for the District of Massachusetts, the Defendant, James P. Mitchell (the "Defendant" or "Mitchell"), through undersigned counsel, submits this Notice of Removal in the above-captioned action. As grounds therefore, the Defendant states as follows:

1. The Plaintiffs, Joseph B. Kerrissey, III and JDHE Holdings, LLC (the "Plaintiffs"), filed a Complaint against defendants Williams Bruce and David Delory in the Superior Court Department of the Trial Court of the Commonwealth, Plymouth County, on or around December 26, 2019, in a suit captioned <u>Joseph B. Kerrissey, III and JDHE Holdings, LLC v. William Bruce and David Delory</u>, Civil Action No. 1983CV01376 (the "State Court Action"). <u>See</u> Complaint filed December 26, 2019, attached hereto as Exhibit 1.

2. On January 22, 2019, Plaintiffs' Joseph Kerrissey, III, JDHE Holding, LLC.'s Motion for Joinder of Parties Defendant ("Joinder Motion") was filed with the Court, seeking to join Gary W. Cruickshank ("Cruickshank") and Mitchell as defendants to the actions. Both

Cruickshank and Mitchell opposed the Joinder Motion. The Joinder Motion was heard before by Judge Thomas F. McGuire, Jr. on April 6, 2021 and taken under advisement. On July 2, 2021, the Court issued a decision allowing the motion, stating "The Court takes no position at this time regarding the prospective defenses". See Docket (as of August 4, 2021), attached hereto was Exhibit 2 ("07/02/2021 Endorsement on Motion for joinder of parties defendant (#16.0): ALLOWED  The Court takes no position at this time regarding the prospective defenses"); Mitchell Motion Package for Motion to Amend, attached hereto as Exhibit 3; Order on Motion to Amend, attached hereto as Exhibit 7.

2. The Amended Complaint was served on Mitchell on July 19, 2021. See Email, attached as Exhibit 9.

3. Since the filing of the Amended Complaint, Mitchell has not received any other pleadings or orders in the State Court Action and Mitchell is not aware of any further pleadings filed in the State Court Action since he has been added to the case as a party.[1]

4. In the Amended Complaint, the Plaintiffs allege misconduct with respect to the filing of a petition for involuntary bankruptcy against the Plaintiffs. See Amended Complaint at Intro. The Plaintiffs assert one count against Mitchell for "Civil Conspiracy for Abuse of Process". Id. at ¶¶ 93-95. The Plaintiffs contend that Mitchell (and Cruickshank) "actively joined in Bruce's plain to commence involuntary bankruptcy proceedings against [the Plaintiffs], for the ulterior or illegitimate purpose of eliminating Kerrissey's interest in the Sagamore Place project, avoiding his obligation to pay JKLLC and otherwise promoting his interest at the expense of Kerrissey, his family and his companies." Id. at ¶ 93.

---

[1] The case against the other defendants has been pending since 2019. Accordingly, the docket reflects that numerous pleadings have been filed overall in the case prior to the addition of Mitchell.

5. The Plaintiffs' claim against Mitchell relate to alleged conduct of Mitchell in relation to a bankruptcy proceeding, which arises under federal law (title 11) and is thus subject to removal under 28 U.S.C. § 1334(b). See 28 U.S.C. § 1334(b) ("the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11"); Baker v. Simpson, 613 F.3d 346, 351 (2d Cir. 2010) ("malpractice and other claims was an 'essential part of administering the estate and therefore implicated the bankruptcy court's 'core jurisdiction'" as the claims against an attorney arising out of a bankruptcy petition "would have no existence outside of the bankruptcy.") This is because the "bankruptcy court has the ability to review the conduct of attorneys, … in a proceeding pursuant to Title 11." Baker, 613 F.3d at 351.

6. Removal of this action from state court is therefore appropriate pursuant to 28 U.S.C. § 1334 because it is a "civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

8. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely. It is filed within thirty days of the Defendant's receipt of process.

9. Plymouth Superior Court is located within this Court's District. Thus, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

10. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to all parties to this suit and will be filed with the Clerk of Plymouth Superior Court following the filing of this Notice of Removal.[2]

---

[2] Defendants David Deloury and Angus Bruce have consented to the removal of this action.

11.   A copy of the Complaint and all other pleadings and orders served upon Mitchell in the State Court Action are being filed with this Court as the following exhibits to this Notice of Removal:

    i.   Complaint – <u>Exhibit 1</u>

    ii.   The Docket – <u>Exhibit 2</u>

    iii.   Mitchell Motion Package to Amend the Complaint- <u>Exhibit 3</u>

    iv.   Cruickshank Motion Package to Amend the Complaint- <u>Exhibit 4</u>[3]

    v.   Motion Package to Strike Reply- <u>Exhibit 5</u>

    vi.   Order allowing Motion to Strike Reply- <u>Exhibit 6</u>

    vii.   Order allowing Motion to Amend the Complaint- <u>Exhibit 7</u>

    viii.   Amended Complaint- <u>Exhibit 8</u>

12.   Pursuant to 28 U.S.C. § 1446(a) and (c) and Local Rule 81.1, within 30 days of filing this Notice of Removal, the Defendant will ensure filing with this Court copies of all records and proceedings served upon Mitchell in the State Court Action.

13.   This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure as required by 28 U.S.C. § 1446(a).

14.   In submitting this Notice of Removal, the Defendant reserves all defenses to this action.

For the foregoing reasons, the Defendant hereby removes this action from Plymouth Superior Court to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C. §§ 1334, 1441, and 1446, and Rule 81.1 of the Local Rules for the United States District Court for the District of Massachusetts.

---

[3] Cruickshank also filed an assented to motion to file a late reply.

                                         JAMES MITCHELL, ESQ.,

                                         By his attorneys,

*/s/ Kristyn Kelley*

_____
Timothy O. Egan, (BBO # 637992)
Kristyn M. Kelley (BBO #693787)
Peabody & Arnold, LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02110-2261
Telephone: (617) 951-2010
tegan@peabodyarnold.com
kkelley@peabodyarnold.com

Dated:  August 5, 2021

## CERTIFICATE OF SERVICE

    I, Kristyn M. Kelley, hereby certify that on this 5th day of August, 2021, I served a copy of the foregoing document via email upon:

| | |
|---|---|
| Robert L. Hamer, Esq.<br>75 State Street, First Floor<br>Boston, MA 02109<br>rhamer@hamerlawboston.com | Charles S. Kelly, Esq.<br>The Lincoln Bldg<br>160 Old Derby Street Suite 107<br>Hingham, MA  02043<br>cskelly@ledgewoodlaw.com |
| Seth M. Pasakarnis, Esq.<br>Daniel D. Johnson, Esq.<br>Hinckley, Allen & Snyder<br>28 State St.<br>Boston, MA  02109<br>spasakarnis@hinckleyallen.com<br>djohnson@hinckleyallen.com | Jonathan P. Whitcomb, Esq.<br>Christina M. Volpe<br>Diserio Martin O'Connor & Castiglioni LLP<br>c/o Gesmer Updegrove LLP<br>40 Broad Street<br>Boston, MA 02109<br>JWhitcomb@dmoc.com<br>CVolpe@dmoc.com |

_____
Kristyn M. Kelley

1950862_1
14926-205991